**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MICHAEL A. CRABTREE, as CHIEF EXECUTIVE OFFICER OF THE CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS 4115 Chesapeake Street, N.W. Washington, D.C. 20016, | ) ) ) ) ) ) |
|                      Plaintiff, | ) ) |
|         v. | ) ) |
| ZEIGER CRANE RENTAL, INC. 7241 Haverhill Business Parkway, Suite 101, Riviera Beach, Florida 33407, | ) ) ) ) ) |
|     Serve:  Resident Agent/President             Steven Zeiger             7241 Haverhill Business Parkway,             Suite 101,             Riviera Beach, Florida 33407, | ) ) ) ) ) ) |
|                      Defendant. | ) ) |

## COMPLAINT

### (TO COLLECT CONTRIBUTIONS AND DAMAGES DUE TO EMPLOYEE PENSION BENEFIT FUND AND FOR EQUITABLE RELIEF)

Plaintiff, pursuant to Federal Rule of Civil Procedure 8(a), hereby alleges the following:

### PARTIES

1.    Plaintiff, Michael A. Crabtree, is the Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers (hereinafter "Central Pension Fund"). The Central Pension Fund is an employee pension benefit plan as that term is defined in Section 3(2) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(2). The Central Pension Fund is a multiemployer plan as

that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37).  The Central Pension Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust.  The Central Pension Fund is administered by the Trustees at 4115 Chesapeake Street, N.W., Washington, D.C. 20016.  The Plaintiff, Michael A. Crabtree, Chief Executive Officer of the Central Pension Fund, is a designated fiduciary in accordance with the Central Pension Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

2.      Defendant Zeiger Crane Rental, Inc. is a Florida corporation with an office located at 7241 Haverhill Business Parkway, Suite 101, in Riviera Beach, Florida, and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11) and (12), and Section 3 of the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

## JURISDICTION AND VENUE

3.      This is an action to collect contributions due to an employee pension benefit plan under the terms of a collective bargaining agreement and a trust agreement and for equitable relief. This Court has subject matter jurisdiction under §§ 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (g) and 1145.

4.      This Court has personal jurisdiction over the Defendant pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(e)(2).

5.      Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## FACTS

6.      Defendant has been bound at all relevant times to the Crane Rental Agreement Collective Bargaining Agreement Zone 1 with the International Union of Operating Engineers Local Union No. 487 ("Agreement") that governs the wages, benefits and terms and conditions of employment of certain employees performing work for the Defendant within the jurisdiction of the Local Union.

7.      Pursuant to the Agreement the Defendant agreed to pay certain sums of money to the Central Pension Fund for certain hours worked by employees of the Defendant performing work covered by the Agreement.

8.      Pursuant to the Agreement the Defendant agreed to be bound by the Plaintiff's Restated Agreement and Declaration of Trust.

9.      During the period of December 2017 to the present the Defendant employed employees performing work covered by the Agreement.

10.      During the period of December 2017 to the present Defendant failed to pay all contributions owing to the Central Pension Fund as required by the Agreement.

11.      Pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust an employer who fails to pay required contributions is liable for liquidated damages in the amount of 20% of the total contributions owed.

12.      Pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust an employer who fails to pay required contributions is liable for interest at the rate of 9% per annum.

13.     Pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust an employer who fails to pay required contributions is liable for all attorneys' fees, audit fees and costs.

## COUNT I

### (UNPAID CONTRIBUTIONS OWED
### TO EMPLOYEE BENEFIT FUND)

14.     Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 13 as if fully set forth in this Count I.

15.     The Defendant has failed to pay contributions owed to the Plaintiff as required by the Agreement for the months of December 2017 through June 2018 in the amount of $84,741.75.

16.     By virtue of the failure to pay contributions as contractually required, the Defendant is in contravention of the Agreement, the obligations under the Plaintiff's Restated Agreement and Declaration of Trust, and Section 515 of ERISA.

17.     Defendant has failed to pay liquidated damages and interest for unpaid contributions owed to the Plaintiff.

18.     The Plaintiff is entitled to judgment for all contributions owed, plus all liquidated damages and interest owed on unreported and unpaid contributions, plus costs and attorneys' fees to the date of judgment.

19.     The Plaintiff will seek a judgment in this action against the Defendant for all contributions, interest, liquidated damages and attorneys' fees and costs which become due, or are estimated to be due in July 2018, subsequent to the filing of this action, and during the pendency of this action, and up to the date of judgment.

## COUNT II

### (AUDIT)

20.     Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 19 as if fully set forth in this Count II.

21.     The Defendant has not reported hours to the Plaintiff and paid contributions to the Plaintiff for the period of December 2017 through the present.  As such, the Defendant is known to have failed to report hours and pay contributions for employees working under Agreement during that period.

22.     An audit of the Defendant's records for the period of January 2017 through the present will permit the Plaintiff to determine the number of hours worked by Defendant's employees and the amount of contributions owed to the Plaintiff under the Agreement.

23.     Under the terms of the Plaintiff's Restated Agreements and Declarations of Trust and the Agreement Plaintiff is entitled to conduct an audit of Defendant's records, at the Defendant's expense.

## COUNT III

### (INJUNCTIVE RELIEF)

24.     Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 23 as if fully set forth in this Count III.

25.     Defendant, pursuant to the Agreement and Plaintiff's Restated Agreement and Declaration of Trust, agreed to report hours and make timely contributions to the Plaintiff in the amounts and on the dates required by the Agreement and Restated Agreement and Declaration of Trust.

26.     Defendant has repeatedly failed to submit timely reports and pay contributions to the Plaintiff.

27.     This persistent disregard for the contribution and reporting obligations constitutes a violation of the terms of an employee benefit plan and threatens the Plaintiff, and the Plaintiff's participants and beneficiaries, with irreparable harm if injunctive relief is not granted.

28.     By virtue of the failure to submit timely reports and make timely payments, the Defendant has caused the Plaintiff and its participants to suffer the loss of investment income and additional administrative expenses as well as deprived the Plaintiff and its participants of the ability to accurately determine the amount of contributions owed during that time period.

29.     The public interest will be served by an issuance of injunctive relief.

**WHEREFORE,** Plaintiff prays judgment for Counts I, II and III against Defendant as follows:

A.     For unpaid contributions due and owing to the Plaintiff for unreported work performed pursuant to the Agreement during the months of December 2017 up to the date of judgment.

B.     For a Court Order requiring Defendant to submit all necessary books and records to Plaintiffs for an audit at the Defendant's expense for the period of January 2017 through the date an audit can be completed.

C.     For liquidated damages and interest for any late paid and unpaid contributions owed as provided for in the Agreement and Restated Agreement and Declaration of Trust and pursuant to 29 U.S.C. § 1132(g)(2) through the date of judgment.

D.     For such contributions, interest and liquidated damages that may accrue and/or are found to be due and owing to the Plaintiff subsequent to the filing of this Complaint, during the pendency of this action, and up to the date of judgment pursuant to the Agreement, Restated Agreement and Declaration of Trust and 29 U.S.C. § 1132(g)(2).

E.      Costs, audit fees and reasonable attorneys' fees as required by 29 U.S.C. § 1132(g)(2), the Agreement and the Restated Agreement and Declaration of Trust through the date of judgment.

F.      For an Order enjoining further violations of the terms of the Agreement and the Plaintiff's Restated Agreement and Declaration of Trust and requiring the Defendant to provide timely contribution reports and contribution payments to the Plaintiff.

G.      Such further relief as the Court deems appropriate.

                                        Respectfully submitted,

Dated:  August 28, 2018                 **O'DONOGHUE & O'DONOGHUE LLP**
                                        5301 Wisconsin Avenue, N.W.
                                        Eighth Floor
                                        Washington, D.C. 20015
                                        Telephone: (202) 362-0041
                                        Facsimile: (202) 237-1200
                                        cgilligan@odonoghuelaw.com

                        By:             _____
                                        Charles W. Gilligan (Bar No. 394710)

                                        *Attorney for the Plaintiff*

7